IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

MAR 1 9 2004

Michael N. Milby, Clerk

| | |
|---|---|
| FRANCISCO X. SOLIS § | |
| Plaintiff - Petitioner § | |
| V § | |
| DOUG DRETKE, DIRECTOR § | CIVIL ACTION No. B-01-089 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE § | |
| INSTITUTIONAL DIVISION § | |
| Defendant - Respondent § | |

## MOTION FOR DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Francisco X. Solis, Petitioner, Pro-Se in the above styled and numbered cause, and presents this Motion For Discovery pursuant to Maddox v Ford, 818 F2d 1058 (1987); Lesko v Lehman, 925 F2d 1539 (1989). The Petitioner would show this Honorable Court the following in support thereof:

### I. JURISDICTION

This Honorable Court has jurisdiction over all matters and parties in the above styled cause pursuant to 28 U.S.C. § 2254.

### II. CAUSE OF ACTION

The Petitioner is being held illegally by the Respondent through the Judgement of the 197th Judicial District Court of Cameron County, Texas. On 16 January, 1991, the Petitioner was indicted, and pled guilty, to Murder with a Deadly Weapon. After 8 years confinement, the Petitioner discovered that the Assistant District Attorney Joe Alvarado taped a confession that he had falsified evidence in order to obtain indictments from the Cameron County Grand Jury. The Petitioner has repeatedly tried to gain access to the taped or transcribed confessions of Joe Alvarado, but the State continues to deny the Petitioner access to them. The Petitioner filed § 11.07 Habeas Corpus, but this was denied. The Trial Court did not examine the evidence

to determine the validity of the allegations as presented by the Petitioner. The Court has, in effect, violated Article 11.07 (2)(d) by failing to have a hearing and examine said evidence. This is a denial of due process.

### III. ARGUMENTS AND AUTHORITIES

The Petitioner respectfully requests this Honorable Court ORDER the State to provide the Court with all tapes and transcripts from Attorney Joe Alvarado, as well as any other evidence in which Attorney Joe Alvarado has confessed to his illegal tampering with evidence. The Petitioner further requests that this Court review and examine said evidence prior to making its decision on the Petitioner's Petition For Order Authorizing Second Application For Writ of Habeas Corpus.

"The Supreme Court has held that the States are required to establish avenues of Appellate Review. But it is now fundamental that once established, these avenues must be kept from unreasonable distinctions that can impede, and they must open and give equal access to the Courts. The defendant contends that if denied access to these tapes and transcripts made from Attorney Joe Alvarado, who was working as an agent of the State at the time of his illegal activities, this being the right to appeal, said denial would be a violation of the Fourteenth Amendment of the United States Constitution.

"A layman acting in his own behalf or in his own defense needs the Court records even more than an attorney acting in his own behalf."
Gardner v California, 89 S.Ct. 582, 21 L.Ed2d 601 (1969).

In the instant case at bar, the Trial Court did not conduct a hearing to find out if the allegations were true or false. They failed to listen to the tapes or examine the transcripts of the tapes from Attorney Joe Alvarado.

"Because the Criminal Court of Appeals DOES NOT hear evidence, only the trial court may conduct an evidentiary hearing. If there are controverted and previously unresolved issues of fact, the Court MUST conduct a hearing."
Article 11.07, V.A.C.C.P.; Ex Parte Chambers, 612 SW2d 573,574 (Tx Cr App 1984).

"If the trial court denied a hearing to an applicant, said procedure violates Article 11.07, V.A.C.C.P., and further violates due process by denying the Applicant an opportunity to sustain his burden of proof."
Ex PARTE Campoes, 613 SW2d 745, 746 (Tx Cr App 1981).

"If the State did not conduct an evidentiary hearing on issue in petition, Federal Court MUST."
Maddox v Ford, 818 F2d 1058 (5th Cir 1987); Lesko v Lehman, 923 F2d 1539 (5th 1989).

By the Trial Court's failure to obtain the records, examine them, and make its own independent investigation as to whether the Petitioner's allegations, as set forth in his § 11.07 Habeas Corpus, were true or false, the Trial Court has abused its discretion and denied the Petitioner due process and equal protection under State and Federal Constitutions. The evidence is such that if found to be true, it would require the State to reverse the conviction, and release the Petitioner from confinement due to prosecutorial misconduct.

## PRAYER

Wherefore, premises considered, the Petitioner respectfully prays this Honorable Court ORDER the State to send ALL tapes and transcripts and any other evidence in its possession to this Court, that shows Assistant District Attorney Joe Alvarado tampered with evidence presented to the Cameron County Grand Jury and that the Honorable Court examine said evidence and make its own independent examination of said evidence to determine the validity of the Petitioner's claims.

"Sufficiency of state indictment is not ordinarily matter for federal habeas relief, unless indictment is shown to be so fundamentally defective as to have deprived convicting court of jurisdiction to try case."
Hamilton v McCotter, 772 F2d 171 (5th Cir 1985); Brandenburg v Hayes, 92 S.Ct. 2646 (1972).

"Grand Jury's primary function is to prevent the prosecutor from subjecting innocent people to the burden and trauma of trial."

<u>U.S. v Sells Engineering Inc.</u>, 103 S.Ct. 3133 (1983).

In the above styled cause, the Petitioner was given two life sentences, to run consecutively, or he would have to face the death penalty. The Petitioner's attorney was more determined to have the Petitioner accept the plea offer, rather than go to trial. The Petitioner felt he had no choice, but to accept the offer, or he would face the death penalty. The plea of guilt was not knowingly and intelligently made, but was made under duress.

"Agent of the State must not produce a guilty plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." <u>F.R.C.P. Rule 11</u>; <u>Bram v U.S.</u>, 18 S.Ct. 183; <u>Const. Amend. 5</u>.

The Petitioner would not have been subjected to the indictment had the State's agent not falsified evidence presented to the Grand Jury. The State the compounds their involvement by refusing to release evidence that could very well liberate the Petitioner from illegal confinement. Then the Trial Court fails to abide by State law and examine the evidence in accordance with Article 11.07. As such, the State and the Trial Court has denied the Petitioner due process and equal protection guaranteed under the 5th and 14th Amendment of the United States Constitution. The Petitioner requests this Honorable Court defend the Petitioner's rights, and ORDER the evidence be provided to the Court for examination and determination of the Petitioner's case.

Respectfully Submitted, *Francisco X Solis*
FRANCISCO X. SOLIS, #586219
RAMSEY TWO UNIT, 1200 FM 655
ROSHARON, TEXAS 77583

## VERIFICATION

I, Francisco X. Solis, TDCJ-ID #586219, declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, and that this Motion For Discovery was mailed in the Ramsey Two Unit's Inmate Mail System on this the _13_ day of _MARCH_, 2004.

EXECUTED ON THIS THE _13_ DAY OF _MARCH_, 2004.

*Francisco X. Solis*
FRANCISCO X. SOLIS, #586219
PETITIONER, PRO-SE