IN THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUN 18 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANCISCO X. SOLIS<br>PLAINTIFF-PETITIONER<br><br>V.<br><br>DOUG DRETKE, DIRECTOR<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE INSTITUTIONAL DIVISION<br>DEFENDANT-RESPONDENT | §<br>§<br>§<br>§ MIC. ACTION NO. B-04-009<br>§<br>§<br>§ |

## MOTION FOR APPOINTMENT OF LEGAL COUNSEL

TO THE Honorable Judge of said Court:
Come's Now, Francisco X. Solis, Petitioner, Pro-ce in the above styled and numbered cause, and respectfully presents this motion for appointment of legal counsel, as petitioner fully understand's that he is only a lay-man of the law un-learned in such fuction's. The petitioner will show this Honorable Court that he was meanfully "tried" to seek legal assistance to help him file all of his legal work. His attempt has not been sucessfull. Petitioner will attach all the documents he has to show this court that his claim is support by facts. Further more will show this Honorable Court the following reasons to why said motion should be granted by this Court:

— pg 1 —

## I. Jurisdiction

That this Honorable Court has Jurisdiction over all parties and matters in the above styled and numbered cause pursuant to 28. U.S.C. § 2254 (h): and the 6th, 14th Const'Amend.

## II. Cause of Action

The petitioner is being held illegally by the respondent through the Judgement of the 197th Judicial District Court of Cameron County, Texas on the 16th day of January, 1991, the petitioner was idicted, and pled guilty to murder with an affirmative finding of a deadly weapon namely a bandanna. After 8 years of confinement, the petitioner discovered that the assistant District Attorney Joe Alvarado taped a confession, that he had falsified evidence in order to obtain an indictment of two counts of Capital Murder from the Cameron County Grand Jury. The petitioner avers that the only reason he pled guilty to the charges, was, that he was constantly barage with threats of the death sentence, if he failed to accept the plea agreement offered by the Cameron County District Attorney. The petitioner is not well versed in the law, nor has he received the proper formal training. As such, being indigent, he prays that this Honorable Court will ~~grant~~ grant this motion, and

-pg 2-

ORDER THAT THE PETITIONER BE PROVIDED LEGAL COUNSEL IN ORDER TO PERFECT THE PROCESS OF THIS APPEAL. THIS REQUEST IS MADE IN ACCORDANCE WITH RULE 44 (A), FEDERAL RULES OF CRIMINAL PROCEDURES AND 28 U.S.C. § 2254 (h). ALSO, TO THE CONSTITUTIONAL AMENDMENTS 6th, 14th; ALLOWING THE GUARANTEE OF EQUAL PROTECTION OF DUE PROCESS OF COMMON LAW.

### III. ARGUMENTS AND AUTHORITIES

"A PRISONER IS ENTITLED TO HABEAS RELIEF IF HIS INTEREST IN FREEDOM FROM UNCONSTITUTIONAL INCARCERATION OUT WEIGHS THE STATE INTERESTS IN THE ADMINISTRATION OF ITS CRIMINAL LAW." SANDARS V. US. 83 S.CT 1068 (1963); KUHLMANN V. WILSON, 106 S.CT. 2627 (1986). THE TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE §26.04; PROVIDES THAT; "WHENEVER THE COURT DETERMINES THAT A DEFENDANT CHARGED WITH A FELONY OR MISDEMEANOR PUNISHABLE BY IMPRISONMENT IS INDIGENT, OR THAT THE INTEREST OF JUSTICE REQUIRE REPRESENTATION OF A DEFENDANT IN A CRIMINAL PROCEEDING, THE COURT SHALL APPOINT ONE OR MORE PRACTICING ATTORNEYS TO DEFEND HIM. AN ATTORNEY APPOINTED UNDER THIS SUB-SECTION SHALL REPRESENT THE DEFENDANT UNTILL CHARGES ARE DROPPED, THE DEFENDANT IS ACQUITED, APPEALS ARE EXHAUSTED, OR THE ATTORNEY IS RELIEVED OF HIS DUTIES BY

the court, or replaced by another counsel". The rights of the defendant should be protected and preserved according to the common law. Also see: 18 U.S.C § 3006 (1)(H); (2), 28 U.S.C § 2254 (h); Wilson v. State, 956 S.W.2d 25, 29 (Tex. Cr. App. 1997)

"Conviction obtained through use of false testimony, known to be such by representative of the state, is a denial of due process and there is also a denial of due process when the state, though not soliciting false evidence, allows it to go uncorrected when it appears." Blackburn v. State of Alaska, 80 S.Ct. 274 (1960) Nague v. People of the State of Illinois, 79 S.Ct. 1173 (1959)

"A right to a fair trial is fundamental liberty as secured by the Fourteenth Amendment." Estelle v. Williams, 96 S.Ct. 1691, Reh. den; 96 S.Ct. 3182, on Remand, 537 Fed 856 (1976)

### Prayer

Wherefore, premises considered, the petitioner prays that this Honorable Court will grant this motion for appointment of legal counsel in order for the petitioner to properly present his legal issues to the court that the has solicited false evidence in order to obtain an illegal indictment, and has threatened the petitioner with the death sentence in order to obtain a conviction. The issue presented in the petition were

heard by the trial court without any evidentiary hearing on the allegations presented by the petitioner, and without examination of the evidence left by Assistant District Attorney Joe Alvarado, who committed suicide after making a taped confessions of his illegal actions. Failure to approve this action will deny the petitioner an opportunity to correct the injustice perpetrated against him by the state in violation of state and federal law, as well as against the state and federal constitutions.

Respectfully submitted,

*[signature]*

Francisco X. Solis #546219
William Bill Clements Unit
9601 Spur 591
Amarillo, Texas
79107-9606

## VERIFICATION OF DECLARATION

I, Francisco X. Solis, TDC-ID # 546219, declare under the penalty of perjury that the foregoing is true and correct, and that this motion was placed in the Bill Clements unit inmate mail system on the 9th day of June, 2004.

*[signature]*

Francisco X. Solis #546219
Petitioner, Pro-Se

—pg 5—

# ATTACHMENTS.

Documents of several law firm's to help support this motion. Also, to further press the issue, that the petitioner Solis, is in dier need of legal assistance.



## MOISES V. VELA
### ATTORNEY - ABOGADO
501 E. TYLER STREET
HARLINGEN, TEXAS 78550

OFFICE TELEPHONE:
956-421-3344

OFFICE FAX:
956-425-1844

May 31, 2003

Dear Mr. Solis:

I am in receipt of your letter dated March 25, 2003, which I am returning to you.

I remember your case very well and will attempt to help you in any way that I can except that I have been practising law now for 48 years and believe that your conviction did not come from my representing you. However, I am aware of Mr. Alvarado's problems and have your attorney write me to see if he thinkgs that I can help in any way.

Very truly yours,

Moises V. Vela

As I remember correctly, we were trying to dodge the death sentence and it was the case where the young girl was strangled with a bandana in the back seat of a car.

PO Box 3629
Austin, TX 78764
(512) 441-0077
(512) 441-3195 Fax



TEXAS

November 08, 2000

Mr. Francisco X. Solis # 586219                                    Ref. #
Mark stiles unit
3060 FM 3514
Beaumont, TX 77705

Dear Mr. Solis # 586219:

We are sorry to inform you that we will be unable to take your case. Our office does not have the resources necessary to pursue more than a small fraction of the requests for assistance we receive. This does not mean that your case does not have merit and is not worthy of attention. You may wish to seek the assistance of private counsel.

Good luck in your efforts.

Very truly yours,

D. Calderon

# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005

February 15, 2000

Francisco Solis
TDCJ-ID #586219
Hughes Unit (042)

Dear Mr. Solis:

     This letter is in response to your request for assistance. In your letter, you stated that you wished to attack your guilty plea on several murder cases for which you are now incarcerated.

     Please write another letter explaining which grounds you wish to use to try to overturn your convictions. You should first read the Inmate Legal Handbook for information regarding this matter.

Sincerely,

Louis A. Gimbert
Staff Attorney
Legal Services

LAG/jd

cc:    File



# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005

February 15, 2001

Francisco Solis
TDCJ#586219
Garza West Unit (NH/95)

Dear Mr. Solis:

Our office cannot assist you in a writ that you have filed.

Sincerely,

Debbie S. Holmes
Staff Attorney
Legal Services

DSH/mab
cc:    File



# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005

June 9, 2003

Francisco Solis TDCJ #586219
Mark W. Stiles Unit (ST/49)
3060 FM 3514
Beaumont, TX 77705

Dear Mr. Solis:

     We are in receipt of your letter dated May 16, 2003 concerning the **affirmative finding of a deadly weapon** in Cause No. 90-CR-1023-C for Murder.

     Enclosed is a copy of the Court's docket sheet where it states that you pled guilty to Murder. Further, the Court made an affirmative finding of a deadly weapon. According to the Court's docket sheet, there is no clerical error or judicial error.

Sincerely,

*DL Pritchard*

Dixie Lee Pritchard
Staff Attorney
Legal Services

DLP/jd
Enclosure

c:    File

SF 1166 OCR
4 TFRM 2000
H (Rev. 5-84)
1166-126

# VOUCHER AND SCHEDULE OF PAYMENTS

**U.S. DISTRICT COURT**

| DEPARTMENT OR ESTABLISHMENT | | D.O. YOU. NO. (TRANSP) |
|---|---|---|
| BUREAU OR OFFICE | CLERK, U.S. DISTRICT COURT | [D.O. Voucher No.] |
| LOCATION OF TRANSMITTING OFFICE | HOUSTON, TEXAS | |

PURSUANT TO AUTHORITY VESTED IN ME, I CERTIFY THAT THE ITEMS LISTED HEREIN ARE CORRECT AND PROPER FOR PAYMENT FROM THE APPROPRIATION(S) DESIGNATED HEREON OR ON SUPPORTING VOUCHERS.

PAID BY

06/18/04
DATE                AUTHORIZED CERTIFYING OFFICER

APPROPRIATION SUMMARY

604700  $250.00

| ALIGN AREA | | | | | | ALIGN AREA |
|---|---|---|---|---|---|---|
| FONT | SHEET | OF | AGENCY STATION NO. | SCHEDULE NUMBER | FOR D.O. USE ONLY | |

GRAND TOTAL        NO-CHECK TOTAL        P  D  O  SUFFIX
$250.00

| PAYEE, AND IF NECESSARY, ADDRESS, INVOICE NUMBER, OTHER IDENTIFICATION LINES 1, 3, 5 AND 7 | LINES 2, 4, 6 AND 8 | AMOUNT | NO CHECK | VOUCHER NO. |
|---|---|---|---|---|
| **Brownsville Division: Bail Bonds** | | | | |
| 1. 1:04-CR-6-01  (1) | 604700       D05TXSC | $ 250.00 | | |
| Feng Ping Weng<br>45 Monroe Street #11<br>New York, New York 10002 | | | | |
| CR B-04-006 | U.S.A. vs. LIANG LIN (MATERIAL WITNESS)<br>O/C 06/18/04    (FR) | | | |
| | | $ 500.00 | | |

5
4
3
2
1
0

D.O. CHECK NUMBERS

BEGINNING        ENDING        BEGINNING        ENDING

USE FOR FIRST CHECK SERIAL NUMBER RANGE            USE FOR SECOND CHECK SERIAL NUMBER RANGE, IF APPLICABLE

Case 1:04-mc-00009    Document 8    Filed in TXSD on 06/18/2004    Page 13 of 13